**FEN CHUN OU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–1644–ag.**

United States Court of Appeals, Second Circuit.

March 2, 2009.

Peter L. Quan, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Fen Chun Ou, a native and citizen of the People's Republic of China, seeks review of the March 31, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Fen Chun Ou,* No. A76 506 577 (B.I.A. Mar. 31,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Ou's February 2008 motion was untimely inasmuch as the BIA issued a final order in January 2003. However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Ou's motion to reopen as untimely.

The BIA reasonably determined that Ou failed to submit sufficient evidence to satisfy his burden of proof that he was being sought by Chinese authorities for Falun Gong activities given the agency's previous adverse credibility finding based on precisely the same claim. *See* 8 C.F.R. § 1208.4(a)(4)(B); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007). The BIA also reasonably relied on the 2006 State Department Country Report on China, which Ou submitted, in finding that conditions in China had not changed with regard to the treatment of Falun Gong practitioners. *See Qin Wen Zheng,* 500 F.3d at 147. Accord-

ingly, the BIA did not abuse its discretion in denying Ou's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal as moot.